UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGEL CHEVRESTT<br><br>                                Plaintiff,<br><br>  - against -<br><br><br>FLEXCO, LLC, and IFWT, INC.<br><br>                               Defendants. | Docket No. 1:18-cv-06304-LAK<br><br>JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT**

Plaintiff Angel Chevrestt ("Chevrestt" or "Plaintiff") by and through his undersigned counsel, as and for his First Amended Complaint against Defendants FlexCo, LLC ("FlexCo"), and IFWT, Inc. ("IFWT") (collectively "Defendants") hereby alleges as follows:

**NATURE OF THE ACTION**

1.  This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendants' unauthorized reproduction and public display of three copyrighted photographs of NFL football player Geno Smith (the "Photographs"). The Photographs are owned and registered by Chevrestt, a New York based professional photographer. Accordingly, Plaintiff seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

**JURISDICTION AND VENUE**

2.  This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendants because Defendants reside, with primary places of business, in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Chevrestt is a professional photographer having a usual place of business at 248 Glen Avenue, Apt 2, Dumont, New Jersey 07628.

6. Upon information and belief, FlexCo is a foreign limited liability company duly organized and existing under the laws of Indiana with a place of business at 4 Faith Lane, Ardsley, New York, 10502. Upon information and belief, FlexCo is registered with the New York State Department of Corporations to transact business in New York.

7. Upon information and belief, IFWT is a domestic corporation duly organized and existing under the laws of New York with a place of business at 4 Faith Lane, Ardsley, New York, 10502. Upon information and belief, IFWT is registered with the New York State Department of Corporations to transact business in New York.

8. Upon information and belief, FlexCo and IFWT are both corporate alter egos of American Celebrity Aston Taylor, Jr., a/k/a Funkmaster Flex ("Taylor"), and Taylor wholly and controls all business operation of FlexCo and IFWT for the same business purpose, including the control of all content on the Website.

9. Upon information and belief, at all times material hereto, Defendants had jointly controlled and operated and/or monitored the website at the URL: www.Inflexwetrust.com (the "Website").

10. FlexCo is for-profit commercial entity.

11. IFWT is a for-profit commercial entity.

## STATEMENT OF FACTS

A.     **Background and Plaintiff's Ownership of the Photographs**

12. On August 11, 2015, just two days before the New York Jets were scheduled to play their pre-season opener at the Detroit Lions, starting quarterback Geno Smith suffered a broken jaw after he was punched by teammate Ikemefuna Enemkapli during a locker room altercation. Smith had surgery on August 13, 2015 and was expected to be out for six to ten weeks. The altercation and Smith's injury were not only heavily covered by the sports press in New York City, but the incident also became national news.

13. On August 15, 2015, two days after Smith's surgery, Chevrestt caught a shirtless Smith throwing passes to a friend outside of Smith's apartment and took *exclusive* photographs of him - the first photographs taken of Smith after his surgery (the "Photographs"). A true and correct copy of the Photographs are attached hereto as Exhibit A.

14. Chevrestt licensed the photograph to the NY Post.

15. On August 16, 2015, the New York Post ran an "exclusive" article that featured the Photographs in both its print and web editions entitled Big Mouth! Geno emerges for the first time post-sucker punch surgery. See https://nypost.com/2015/08/16/geno-smith-feeling-great-post-sucker-punch-surgery/. Chevrestt's name was featured in a gutter credit identifying him as the photographer of the Photographs. A true and correct copy of the article is attached hereto as Exhibit B.

16. Chevrestt is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

17. The Photographs were timely registered with the U.S. Copyright Office within three months of first publication, and given registration numbers: VA 1-983-198, effective

October 11, 2015; VA 1-983-199, effective October 11, 2015; and VA 2-013-631, effective November 13, 2015.

**B.      Defendants' Infringing Activities**

18.     On August 16, 2015, Defendants ran an article on the Website entitled *(Photos) NFL: How's That Jaw Geno? First Pictures of Geno Smith Post Surgery Since Getting Jaw Broke*. See http://www.inflexwetrust.com/2015/08/16/photos-nfl-hows-that-jaw-geno-first-pictures-of-genosmith-post-surgery-since-getting-jaw-broke/ifwt_geno_jaw_surgery2/. The article prominently featured the Photographs. Screen shots of the article with the Photographs are attached hereto as Exhibit C.

19.     Upon information and belief FlexCo and IFWT maintains and exercises its rights to monitor and control the content on the Website.

20.     Upon information and belief all Defendants derives revenue and financial benefit from the Website, primarily through the website's publishing of news and entertainment content related to the video game industry, including the Article.

21.     Neither Defendants nor their affiliates licensed the Photographs from Plaintiff for the Website or any other use.

22.      Defendants did not have Plaintiff's permission or consent to publish the Photographs on the Website.

23.     Upon information and belief, Defendants removed Chevrestt's authorship credit from the picture posted on the Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS)**
(17 U.S.C. §§ 106, 501)

24. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-23 above.

25. Defendants, through its control of the Website, infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Defendants is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photographs.

26. The acts of Defendants complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

27. Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

28. As a direct and proximate cause of the infringement by the Defendants of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

29. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendants' willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

30. Plaintiff is further entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

31. Defendants' conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**(INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION**
**AGAINST DEFENDANTS)**
**(17 U.S.C. § 1202)**

32. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-31 above.

33. When the Photographs was published in the Publication, the Photographs contained copyright management information under 17 U.S.C. § 1202(b).

34. Upon information and belief, Defendants or its affiliates copied the image from the Publication, which contained copyright management information, and pasted it to the Website.

35. Upon information and belief, through its control and monitoring of the Website, Defendants intentionally and knowingly removed or had knowledge of its affiliate's removal of copyright management information identifying Chevrestt as the author of the Photographs.

36. The conduct of Defendants violates 17 U.S.C. § 1202(b).

37. Upon information and belief, Defendants' falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

38. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendants or its affiliates intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs. Defendants also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyrights in the Photographs.

39. As a result of the wrongful conduct of Defendants as alleged herein, Plaintiff is entitled to recover from Defendants the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Defendants because of its violations of 17 U.S.C. §1202, including attorney's fees and costs.

40. Alternatively, Plaintiff may elect to recover from Defendants statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendants be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. That Defendants be ordered to remove the Photographs from the Website;

3. That Defendants be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

4. That, with regard to the First and Third Claim for Relief, Plaintiff be awarded either: (a) Plaintiff's actual damages and Defendants' profits, gains or advantages of any kind attributable to Defendants' infringement of Plaintiff's Photographs; or (b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

5. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: (a) Plaintiff's actual damages and Defendants' profits, gains or advantages of any kind attributable to Defendants' falsification, removal and/or alteration of copyright management information; or (b) alternatively, statutory damages of at

      least $2,500 and up to $25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendants pursuant to 17 U.S.C. § 1203(c);

6. That Defendants be required to account for all profits, income, receipts, or other benefits derived by Defendants as a result of its unlawful conduct;

7. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
November 2, 2018

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard P. Liebwitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff*
*Angel Chevrestt*