

December 14, 2018

**Adam Bialek**
212.915.5143 (direct)
917.538.0616 (mobile)
Adam.Bialek@wilsonelser.com

**By CM/ECF**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re:        Chevrestt v. Emmis Communications Corporation
                Civil Docket No. 1:18-cv-06304-LAK
                Our File No: 17153.00065

Dear Judge Kaplan:

      We represent Defendant Emmis Communications Corporation ("Emmis") in the captioned matter. We are writing in response to Plaintiff's letter dated December 13, 2018, which opposed Emmis' request to enter a Proposed Order and Judgment and submitted his own Proposed Order.

      As a threshold matter, both Proposed Orders seek to dismiss the claims against Emmis with prejudice. Thus, the only difference between the two Proposed Orders is whether the parties should be required to bear their own fees and costs. As detailed below, Emmis should not be required to bear its own fees and costs and intends to file a motion for fees under Section 505 of the Copyright Act (17 USC 505) within fourteen days following the Court's entry of judgment.

      Despite Plaintiff's claim that he conducted due diligence prior to filing the original complaint, it is clear that whatever "diligence" was conducted was insufficient and flawed. Indeed, instead of suing the publicly stated operator of the subject website, Plaintiff initially chose to sue only Emmis. This decision was apparently based solely upon a press release that at best indicated that Emmis was a minority investor in the venture that operated the website. *See* Dkt. 36. However, any real investigation would have revealed that Emmis was the wrong defendant.

      Plaintiff claims that he needed discovery to determine that Emmis was the wrong defendant. *See* Dkt. 36. He is wrong. As explained in Emmis' motion for summary judgment, Emmis was previously sued by plaintiffs represented by Plaintiff's counsel for inadvertent uses of images by former employees. In resolving those matters, Plaintiff's counsel was asked to contact

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Alabama • Albany • Atlanta • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston
Indiana • Kentucky • Las Vegas • London • Los Angeles • Miami • Michigan • Milwaukee • Missouri • Nashville • New Jersey • New Orleans
New York • Orlando • Philadelphia • Phoenix • San Diego • San Francisco • Sarasota • Stamford • Virginia • Washington, DC • Wellington • White Plains

wilsonelser.com

9497793v.1



- 2 -

counsel for Emmis prior to initiating suit to avoid running up unnecessary costs and fees. However, Plaintiff's counsel has refused to contact Emmis or its counsel before he commences litigation. Had Plaintiff's counsel contacted Emmis or its counsel prior to initiating this lawsuit, Plaintiff's counsel would have been advised that he was targeting the wrong defendant. In addition, prior to moving for summary judgment, Emmis' counsel advised Plaintiff that Emmis was the wrong defendant, yet Plaintiff continued to prosecute the lawsuit and opposed the motion. As was clearly evident on the face of the exhibit the Plaintiff attached to the Complaint, the name of the poster was clearly set forth on the article, and the website itself posted contact information to reach it, including the identification of its CEO and "General Management." Therefore, discovery was certainly not needed for Plaintiff to ascertain the identity of the correct defendant(s).

Moreover, while Plaintiff never served a cease and desist letter prior to filing suit, the undersigned did communicate with Plaintiff's counsel prior to filing the initial summary judgment motion and explained that Emmis was not involved in the posting of the image and only had a minority financial interest in the company that operated the website at one point (the interest had been divested well before the lawsuit was commenced). When Plaintiff's counsel raised the issue of the press release, the undersigned had responded that it further supported Emmis' position that it was not the party who should have been sued. *See* Dkt. 11. Yet despite the fact that the website indicated who was operating the site and who posted the image, Plaintiff continued to proceed against Emmis alone.

Furthermore, Plaintiff cannot arbitrarily decide to drop his claims against Emmis without addressing Section 505 of the Copyright Act. The Federal Rules of Civil Procedure provide an express rule for dismissing claims against a party after it has appeared in a lawsuit — either a court order or a stipulation signed by both parties. Fed. R. Civ. P. 4(a)(1)(A)(ii). Plaintiff cannot skirt these rules, solely to prevent Emmis from seeking the unnecessary costs and fees that it was forced to incur in defending against the frivolous claims. Here, Plaintiff tried to circumvent the rules and the Emmis submission was merely to convert Plaintiff's unexplained action to a judgment.

In light of Plaintiff's apparent lack of pre-suit investigation and his decision to continue prosecuting the lawsuit after he was aware that Emmis was the wrong defendant, the Court should reject Plaintiff's Proposed Order that seeks to prohibit Emmis from seeking the unwarranted costs it incurred in this lawsuit.

Accordingly, Emmis respectfully requests that the Court Endorse its Proposed Order (Dkt. 33) and reject Plaintiff's Proposed Order (Dkt. 35).

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

Adam R. Bialek


CC: All Counsel (via CM/ECF)

9497793v.1