UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGEL CHEVRESTT,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　- against -<br><br><br>FLEXCO, LLC,<br>IFWT, INC.<br><br>　　　　　　　　　　　　　Defendants. | Docket No. 1:18-cv-06304 (LAK)<br><br>**STATEMENT OF DAMAGES** |

　　　　Plaintiff Angel Chevrestt ("Plaintiff"), via counsel, respectfully submits this Statement of Damages in support of Plaintiff's application for entry of default judgment against Flexco, LLC and IFWAT, Inc. (collectively "Defendants") pursuant to Fed.R.Civ.P. 55(b) and Local Rule 55.2(b).

　　　　1.　　Plaintiff's copyright infringement claim qualifies for statutory damages under 17 U.S.C. § 504(c) because the Photographs were registered within three months of initial publication. *See* 17 U.S.C. § 412(2); *see also Arista Records LLC v. Lime Grp. LLC*, No. 06 CV 5936 KMW, 2011 WL 1226277, at *1 (S.D.N.Y. Mar. 29, 2011) (noting that §412(2) provides a three-month grace period to register a copyright after the work's first publication).

　　　　2.　　Here, the Photographs was initially published on August 16, 2015 and the effective dates of the applicable copyright registration are October 11, 2015 for VA 1-983-198, October 11, 2015 for VA 1-983-199, and November 13, 2015 for VA 2-013-631, all within the three-month grace period to qualify for statutory damages under 17 U.S.C. § 504(c), plus attorneys' fees under 17 U.S.C. § 505.

3. For violation of 17 U.S.C. § 501, Plaintiff seeks $30,000.00 in civil penalties per work for willful copyright infringement, for a total of $90,000.

4. For violation of 17 U.S.C. § 1202(b), Plaintiff seeks $10,000.00 in civil penalties per violation for removal and/or alteration of Plaintiff's copyright management information, for a total of $30,000.

**Evidence in Support of Statutory Damages for Count I: Copyright Infringement**

5. "At the plaintiff's election, Section 504 of the Copyright Act allows the Court to assess statutory damages for each work for which the copyright has been infringed, in a 'sum of not less than $750 or more than $30,000 as the court considers just,' 17 U.S.C. § 504(c)(1), without requiring a plaintiff to make a showing of profit by the defendant or loss by the plaintiff as a result of the infringing activity." *Peer Int'l Corp. v. Max Music & Entm't, Inc.,* No. 03 CIV. 0996 (KMW-DF), 2004 WL 1542253, at *2 (S.D.N.Y. July 9, 2004); *see also Starbucks Corp. v. Morgan*, 99 Civ. 1404, 2000 WL 949665 at *2 (S.D.N.Y. July 11, 2000) (statutory damages "'are available without proof of plaintiff's actual damages or proof of any damages.'"); *Entral Group Int'l LLC v. Honey Cafe on 5th, Inc.,* 2006 WL 3694584, at *6 (E.D.N.Y. Dec. 14, 2006) (awarding $150,000 for defendants' willful infringement although neither the plaintiff's losses nor the defendants' profits were established).

6. Thus, even if evidence of Plaintiff's actual losses is available, there is no requirement that Plaintiff produce such evidence after electing to recover statutory damages. *See CJ Products, LLC v. Your Store Online LLC*, No. 11-cv-9513 (GBD) (AJP), 2012 WL 2856068, fn. 4 (S.D.N.Y. July 12, 2012) ("Under the current [Copyright] Act, the copyright owner may elect to recover statutory damages, instead of actual damages and defendant's profits. He may, moreover, make such an election regardless of the adequacy of the evidence offered as to his

actual damages and the amount of defendant's profits, and *even if he has intentionally declined to offer such evidence, although it was available.*") (*quoting* 4 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.04[A] (2009 ed.) (italics added); *Pearson Education, Inc. v. Nugroho*, No. 08-cv-8034 (DAB) (AJP), 2009 WL 3429610, *5 (S.D.N.Y. Oct. 27, 2009) (same).

7. Here, Plaintiff elects statutory damages and therefore respectfully declines to submit evidence of his actual losses in the form of licensing fee history. Instead, Plaintiff seeks statutory damages as a deterrent to willful infringers. *See, e.g. Lauratex Textile Corp. v. Allton Knitting Mills, Inc.,* 519 F.Supp. 730, 733 (S.D.N.Y.1981) (explaining that statutory damages may be used to "provide a deterrent for would-be infringers"); *Capital Records, Inc. v. MP3tunes, LLC*, 48 F.Supp.3d 703, 732 (S.D.N.Y. 2014) ("A statutory damages award under the Copyright Act is by definition an authorized civil penalty.").

8. The requested amount is consistent with a long-line of cases in this Circuit which award $30,000 where defendant has defaulted in a copyright infringement action. *See, e.g., Lucerne Textiles, Inc. v. H.C.T. Textiles Co.*, No. 12-cv-5456 (KMW) (AJP), 2013 WL 174226, at *3 (S.D.N.Y. Jan. 17, 2013), *report and recommendation adopted*, 2013 WL 1234911 (S.D.N.Y. Mar. 26, 2013) (on default, finding request for $30,000 in statutory damages appropriate); *Tokar v. 8 Whispering Fields Assocs., Ltd.,* No. 08-cv-4573 (ADS), 2011 WL 7445062 at *2 (E.D.N.Y. Dec. 13, 2011) (same); *Microsoft Corp. v. Computer Care Ctr., Inc.,* No. 06-CV-1429 SLT RLM, 2008 WL 4179653, at *11 (E.D.N.Y. Sept. 10, 2008) (same); *Peer Int'l Corp. v. Max Music & Entm't, Inc.*, No. 03 CIV. 0996KMWDF, 2004 WL 1542253, at *4 (S.D.N.Y. July 9, 2004) (same); *Getaped.com, Inc. v. Cangemi,* 188 F.Supp.2d 398, 403

(S.D.N.Y. 2002) (same); *Stevens v. Aeonian Press, Inc.,* No. 00 Civ. 6330(JSM), 2002 WL 31387224, at *2 (S.D.N.Y. Oct. 23, 2002) (same).

9.  Further, a civil penalty of $30,000 is justified given that Defendant operates in the publishing industry and is therefore presumed to have knowledge of copyright law. *See, e,g., Fallaci v. New Gazette Literary Corp.*, 568 F. Supp. 1172 (2d Cir. 1983) (finding that a newspaper publisher willfully infringed because, as a publisher of a copyrighted newspaper, defendant should have known that its unauthorized reproduction of plaintiff's copyrighted article constituted copyright infringement); *Van Der Zee v. Greenidge*, 2006 WL 44020, *2 (S.D.N.Y. Jan. 6, 2006) ("As the defendants are in the book publishing business and in a position to repeat the unauthorized reproduction of copyrighted material, there is deterrent value in assessing [statutory] damages against defendants."); *EMI Entertainment World, Inc. v. Karen Records, Inc.*, 806 F.Supp.2d 697, 703 (S.D.N.Y. 2011) *vacated on grounds of standing,* 2013 WL 2480212 (S.D.N.Y. June 10, 2013) (noting that "other courts in this district have inferred willful infringement from a defendant's ownership of copyrights and experience in an industry heavily regulated by copyright law.").

**Evidence in Support of Statutory Damages for Count II: DMCA Violation**

10.  The DMCA provides that courts may award between $2,500 and $25,000 in statutory damages for violation of section 1202(b). *See* 17 U.S.C. § 1203(c)(3)(B).

11.  Courts in this District have recently awarded $10,000 in statutory damages for a defaulting defendant's violation of § 1202(b) of the DMCA. *See Hirsch v. The Dishh, LLC*, 18-cv-9079 (LGS) (S.D.N.Y. 12/10/18) ("Defendant shall pay $10,000.00 in statutory damages as civil penalties for removal and/or alteration of copyright management information in violation of 17 U.S.C. § 1202(b)"); *Martinka v. Diario De Mexico USA, Inc.*, 18-cv-1993 (AT), dated

6/27/18 (awarding $10,000 in civil penalties for removal and/or alteration of copyright management information in violation of 17 U.S.C. § 1202(b)); *Myeress v. Brissi Group, LLC*, 17-cv-9691 (KPF) (S.D.N.Y. 6/25/18) (awarding "$10,000 in civil penalties for improper removal of copyright management information" in violation of 17 U.S.C. § 1202(b)) [True and correct copies of the *Hirsch, Martinka* and *Myeress* orders are attached to the Declaration of Richard Liebowitz as part of Exhibit A].

Dated: February 11, 2020
Valley Stream, New York

                                            Respectfully Submitted:

**/richardliebowitz/**
By: Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
F: (516) 612-2740
rl@liebowitzlawfirm.com

*Counsel for Plaintiff Angel Chevrestt*